IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA DAVIDSON,

                Plaintiff,             OPINION AND ORDER

    v.                                   08-cv-209-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

Plaintiff Barbara Davidson has applied for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff contends that she is the prevailing party in an action in which she sought reversal or remand of a decision of defendant Commissioner of Social Security and that defendant's position in this litigation was not substantially justified. Plaintiff is seeking fees and costs in the amount of $7,966. Defendant does not dispute the amount of the fees and costs sought but disputes the characterization of his position as unjustified. Because I find that defendant's position was justified, I will deny the petition for an award of fees and costs.

The following undisputed facts are taken from the record. These facts are material to the question whether defendant's position was substantially justified.

FACTS

Plaintiff applied for disability insurance benefits in October 2003, alleging that she had been unable to work since October 1994 because of a variety of neurologic and physical symptoms that plaintiff contended were the result of her inhalation of toxic carpet fumes. The administrative law judge who considered the application rejected plaintiff's contention that she suffered from "multiple chemical hyper-sensitivities" but agreed that she had mental impairments that posed some limitations on her ability to work.  He found, however, that in spite of those limitations, she was able to perform jobs that existed in significant numbers in the national economy, namely addresser and information clerk positions, and therefore she was not disabled.  In reaching this determination, the administrative law judge relied on the vocational expert's answer to a hypothetical question that had asked the expert to assume an individual who, among other things, had moderate abilities to maintain attention and concentration for extended periods and to carry out and remember detailed instructions and who was limited to three to four-step, routine, repetitive tasks.

Plaintiff appealed the adverse decision to this court, contending that the administrative law judge had not properly evaluated her mental functioning, chemical sensitivity or credibility; had not adequately developed the record; and had not made a proper determination at step five of the sequential evaluation process.  I rejected all of plaintiff's arguments, with one exception:  I agreed that the administrative law judge had failed to include in his determinative hypothetical to the vocational expert all of the mental limitations that he had found when he assessed plaintiff's residual functional capacity.  Specifically, the

2

administrative law judge had failed to include plaintiff's moderate limitations on her ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  I rejected the commissioner's contention that there was no evidence in the record to support the need for such a limitation, noting that one of the state agency non-examining psychologists had endorsed this limitation when he reviewed plaintiff's medical record.  Although I observed that the administrative law judge's omission of this limitation from his hypothetical might well have been harmless because he appeared to have accounted for all of plaintiff's moderate mental limitations when he limited her to three-to-four step, routine, repetitive tasks, I declined to uphold the decision on this basis because the commissioner had not made this argument.  Accordingly, I remanded the case on the sole ground that the step five finding was not supported by substantial evidence.

OPINION

Under the Equal Access to Justice Act, a successful plaintiff in litigation against the United States or its agencies is entitled to fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Under the substantially justified standard, a party who succeeds against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.' "  Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)).  The Court of Appeals for the

Seventh Circuit has described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. See Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet her burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

When considering whether the government's position was substantially justified, the court must consider not only the government's litigating position but also its position with respect to the original government action which gave rise to the litigation. See 28 U.S.C. § 2412(d)(1)(B) (conduct at the administrative level is relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (EAJA requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action").

4

Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position.  Marcus, 17 F.3d at 1036.  Conversely, EAJA fees may be denied even when the government's litigation position was not substantially justified, provided the litigation position was offset by substantially justified pre-litigation conduct.  Id.

Applying these guidelines, I am satisfied that the government's position in this case was substantially justified.   As I noted in the decision on the merits, case law thus far indicates that "an administrative law judge is free to formulate his mental residual functional capacity assessment in terms such as 'able to perform simple, routine, repetitive work' so long as the record adequately supports that conclusion."  Dkt. #10, at 38 (citing Kusilek v. Barnhart, 2005 WL 567816, *4 (W.D. Wis. 2005) (citing cases), aff'd, 175 Fed. Appx. 68 (7th Cir. 2006) (nonprecedential disposition) and Craft v. Astrue, 539 F.3d 668, 677 (7th Cir. 2008) (comparing residual functional capacity for "unskilled" work, which provided no information about claimant's mental condition or abilities, with capacity for "repetitive, low-stress work," which reflected some work requirements that were relevant to mental abilities)).  Thus, it was not legally erroneous for the administrative law judge to pose a hypothetical that assumed an individual with a capacity for three- to four-step, routine, repetitive tasks.  Further, insofar as the evidence of record indicates that plaintiff suffered from only "moderate" limitations in her ability to stay on task, the administrative law judge's description of plaintiff's work abilities is reasonably supported by the record.

5

What led to this court remanding the case was not an error on the part of the administrative law judge, but rather the poor briefing on appeal by the commissioner's lawyers. In spite of waiving a key harmless error argument, however, the commissioner took a reasonable overall position in arguing that substantial evidence supported the administrative law judge's decision that plaintiff was not disabled. Because both the agency's pre-litigation and litigation positions were substantially justified, I am denying plaintiff's application for EAJA fees.

ORDER

Accordingly, IT IS ORDERED that the application of plaintiff Barbara Davidson for an award of attorney's fees and costs fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is DENIED.

Entered this 13th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge